IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Victoria Sherfey,** | § | |
| | § | |
|    **Plaintiff,** | § | |
| | § | C.A. No._____ |
|          v. | § | |
| | § | |
| **Office Depot, Inc.,** | § | |
| | § | |
|    **Defendant.** | § | **(JURY TRIAL DEMANDED)** |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    COMES NOW Plaintiff, Victoria Sherfey, filing her Original Complaint complaining of Defendant, Office Depot, Inc., and in support thereof would show as follows:

### I.

### JURISDICTION, PARTIES AND VENUE

1.    This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII").

2.    Plaintiff, Victoria Sherfey, resides in Magnolia, Texas. Plaintiff is female and is thus protected by Title VII.  Plaintiff was at all relevant times an employee within the meaning of said applicable statute.

3.    Defendant, Office Depot, Inc., operates in Texas. Defendant was at all times Plaintiff's employer within the meaning of said applicable statute.

4.     Defendant engaged in an industry affecting commerce and employed more than 15 regular employees.

5.     The employment practices alleged to be unlawful herein were committed within the Southern District of Texas, Houston Division. Venue is appropriate in this Court

**VICARIOUS LIABILITY--RESPONDEAT SUPERIOR**

6.     Whenever in this Complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's supervisors, agents, servants, employees, or representatives.

7.     The acts of Store Manager William "Bill" McConnell and Sales Operations Supervisor Roger Effendi were performed while in the employment of Defendant, to further Defendant's business, to accomplish the objective for which this supervisory employee was hired, and within the course and scope of that employment or within the authority delegated to this employee.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.     Plaintiff filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") on or about April 17, 2015.  In that Charge, No. 460-2015-02350, and any amendments and/or attachments thereto and where applicable, Plaintiff asserts that she was discriminated because of her sex (female) and in retaliation for opposing harassment and discrimination.

9.     After investigating Plaintiff's Charge, the EEOC issued Plaintiff a Right-To-Sue letter dated April 20, 2016.  Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

10.    During some of the relevant times made the basis of this suit, Victoria Sherfey was but 19 and 20 years old. On one hand, she is your typical young person – full of personality and ambition.  On the other hand, she seems wise beyond her years and very protective of her family and friends.

11.    She heard about job opportunities at Defendant and began as a cashier on or about November 7, 2011.  Ms. Sherfey eventually worked her way up to a sales consultant position in the print center.  These jobs were perfect for Ms. Sherfey because she loves helping people.

12.    Store Manager William "Bill" McConnell began paying Ms. Sherfey compliments that, at first, caused her varying degrees of discomfort.  In or about March of 2012 -- some 4 months into her hire, Mr. McConnell would pepper Ms. Sherfey with praise about how "pretty" and "beautiful" she was.  He then escalated to rubbing Ms. Sherfey's arms, shoulders and neck. *And,* he would inquire about Ms. Sherfey's weekends -- taking special note to ask about her dates. *And*, Mr. McConnell would put his arms around Ms. Sherfey and ask, "How was your night?" *And*, he would intimately rub Ms. Sherfey's arms, shoulders and neck.  He did this constantly early on into Ms. Sherfey's initial hire until about November of 2014.

13.     Ms. Sherfey learned pretty quickly Mr. McConnell's triggers.  For when she would pull away from him or change the subject, he would make snide remarks to her and treat her coldly.  The conduct described herein continued and despite Ms. Sherfey's objections.

14.     In or about August of 2012, Roger Effendi was hired as the Sales Operations Supervisor.  His conduct soon proved not much better.  In fact, it was far more graphic.  Mr. Effendi brazenly discussed sex in the Defendant workplace among his very young staff – some as young as sixteen (16) years old.  For instance, he would ask, "What can I do to please my wife in bed?" *And,* "What are you doing in bed to make it exciting?" *And,* he said that he "just rams [his wife] for 5 minutes" and then he is "done." *And,* he commented that Ms. Sherfey had "nice tits!" *And,* he asked, "Was there sexy time?" *And,* after eaves-dropping on a private conversation Ms. Sherfey had while on a break, he told employees, "It's not like she's a real woman." referencing a private, medial matter.  Ms. Sherfey was crushed.

15.     Unfortunately, Ms. Sherfey was not the sole target of Mr. Effendi's sexual offenses. He managed to offend all women alike.  He would openly discuss the private body parts of Defendant female employees and customers. For example, he would tell Ms. Sherfey that her breasts were larger than a particular female customer who frequented the store.  This was constant. *And*, he could be heard oft-times saying that a 16 year-old sales consultant had "small boobs."

16.     When he was not absolutely infatuated with a woman's breasts and buttocks, Mr. Effendi was condescending towards women.  He could be heard calling Defendant female employees and customers "stupid," among other things. He was not this way with male employees.

17. Ms. Sherfey spent much of her time fending off the unwanted sexual advances and comments of both Messrs. McConnell and Effendi. But so, too, did she take open steps to oppose and report the sexual advances of the youngest female employee by Mr. Effendi. For it was Ms. Sherfey who the 16 year-old requested help from when Mr. Effendi made sexual innuendoes to her including but not limited to "Look at that booty!" Ms. Sherfey witnessed (and opposed) Mr. Effendi recording this young girl's buttocks as she squatted to arrange something on Defendant's lower shelf. Mr. Effendi unabashedly admitted to his misconduct.

18. It did not stop there. Mr. Effendi made another very young girl so uncomfortable that her mother and an elder at their church intervened. Here, Mr. Effendi sat outside of this young girl's home when she rejected his advances. He sent her text messages at all hours of the day. He used his power as Defendant's manager to schedule her to work the exact same hours he did and take lunch at the same time. His harassment was limitless.

19. Whenever the aforementioned female employees insisted that Mr. Effendi stop interjecting sex into the workplace, he would say, "You can't take a joke." But he would not stop.

20. At some point, several complaints were made by several different employees about Mr. Effendi's sexual misconduct. The affected employees had to continue to work with Mr. Effendi, as he used this time to intimidate the young women into withdrawing their complaints against him. Mr. Effendi even confessed that Mr. McConnell told him who the complainant was.

21. Human Resources Rebecca Jackson shown a complete and utter abandonment of her duties calling for neutrality and remediation. Rather than address Ms. Sherfey's concerns, Ms.

Jackson took the managers' side and openly undermined Ms. Sherfey's concerns. Ms. Jackson came up with one excuse after another including "He probably act that way towards everyone." She did not listen to Ms. Sherfey; she interrupted Ms. Sherfey too many times to count.

22.     When Plaintiff reported new instances of harassment, slights or stress, Ms. Jackson would tell Plaintiff that she [Ms. Jackson] did not think the store could cause enough stress to cause hair loss. And, Ms. Jackson would say that Mr. McConnell was following protocol when he refused to move me out of the print center.

23.     At wits end, Ms. Sherfey resigned her position in a letter dated June 20, 2015.

24.     The effect of the practices complained of herein has been to deprive Ms. Sherfey of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender and opposition to discrimination.

## IV.
## CAUSES OF ACTION

**A.     SEXUAL HARASSMENT**

25.     Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

26.     Defendant, through its agents, supervisors, or employees including William "Bill" McConnell and Roger Effendi engaged in unlawful sex discrimination by subjecting Ms. Sherfey to unwelcome sexual harassment.

27.     The above-described unwelcome sexual harassment created an intimidating, oppressive, hostile environment, which interfered with Plaintiff's emotional and physical well-being.

28.     Defendant at all times relevant hereto had actual and/or constructive knowledge of the conduct described in the paragraphs above in large part because of William "Bill" McConnell and Roger Effendi's influential positions and the open and obvious nature of the sexual misconduct that permeated.

29.     As a result of the hostile and offensive environment perpetrated by Defendant through its agents, supervisors, or employees, and maintained by Defendant's failure to protect Ms. Sherfey from further harassment and instead causing the constructive discharge of Ms. Sherfey caused her to suffer severe emotional distress and physical injury.

30.     Defendant violated Title VII by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and omissions of William "Bill" McConnell and Roger Effendi as described in the paragraphs above.

31.     Defendant failed to comply with their statutory duty to promptly take all reasonable and necessary steps to eliminate sexual harassment from the workplace and to prevent it from occurring in the future.

32.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against Ms. Sherfey through its agents, supervisors, or employees, Ms. Sherfey has suffered and will continue to experience pain and suffering, and extreme and severe mental anguish and emotional distress; she has incurred and/or will incur medical expenses for treatment by psychotherapists and other health professionals, and for other incidental expenses; and she has suffered and/or will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Ms. Sherfey is thereby entitled to general and compensatory damages in amounts to be proven at trial.

33. As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Ms. Sherfey has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extend of which are presently unknown to Ms. Sherfey, who therefore will seek leave of Court to amend this Compliant in that regard when the same shall be fully and finally ascertained. Ms. Sherfey requests that attorney's fees be awarded pursuant to Title VII.

**B.**     **RETALIATION**

34. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

35. After rejecting such harassment, Ms. Sherfey was subsequently harassed and constructively discharged.

36. Defendant had no legitimate business reasons for any such acts. Each act of retaliation is in violation of Title VII's anti-retaliation provisions.

37. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination and relation against her, Ms. Sherfey has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Ms. Sherfey is thereby entitled to general, compensatory and punitive damages in amounts to be proven at trial.

38. The above-described acts on Defendant's part were undertaken in violation of Title VII and proximately caused Ms. Sherfey's substantial injuries and damages.

## V.
## JURY DEMAND

39. Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

40. Defendant's conduct constitutes violations of statutory and/or common law. Such unlawful conduct seriously affects Ms. Sherfey in her occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies and procedures of Defendant. Accordingly, Ms. Sherfey seeks all general, special, incidental, economic, compensatory, punitive, and consequential damages in an amount to be proved at trial.

41. Because of Defendant's unlawful and tortious conduct, it has been necessary for Ms. Sherfey to retain the undersigned attorney to represent her in these causes of action Plaintiff has agreed to pay her attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

42. Additionally, Ms. Sherfey has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve her ability to earn a living. Accordingly, Ms. Sherfey seeks all general, special, incidental and consequential damages as shall be proven at trial including punitive damages.

43. Further, Ms. Sherfey seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Ms. Sherfey also seeks post-

judgment interest at the maximum rate allowed by law in the event that Defendant do not promptly tender damages assessed against them and to avoid unjustly enriching Defendant

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

    a.    Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of sex and in retaliation thereof.

    b.    All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

    c.    Compensatory damages for pain and mental suffering in the past and future;

    d.    Punitive damages in an amount above the minimum jurisdictional limit of the Court;

    e.    Reasonable attorney's fees, with conditional awards in the event of appeal;

    f.    Pre-judgment interest at the highest rate permitted by law;

    g.    Post-judgment interest from the judgment until paid at the highest rate permitted by law;

    h.    Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

Law Offices of Katrina Patrick

*/s/ Katrina S. Patrick*

_____

**Katrina Patrick**
Attorney-in-Charge
State Bar No. 00797218
Federal Bar No. 22038
2800 Post Oak Blvd Suite 4100
Houston, Texas 77056
Telephone: (713) 796-8218
Facsimile: (832)290-2499

**ATTORNEY FOR PLAINTIFF**
**VICTORIA SHERFEY**